UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JOHN DUFFY, KENNETH HUBER, PHILLIP CAPOBIANCO, SCOTT ADRIAN, PAUL O'BRIEN, MARC HERBST, JAMES HANEY III, and JAMES PRATT, III, as Trustees of Local 138, 138A & 138B, INTERNATIONAL UNION OF OPERATING ENGINEERS WELFARE FUND, LEGAL FUND, APPRENTICESHIP TRAINING FUND, and ANNUITY FUND, and MICHAEL FANNING as CEO of the CENTRAL PENSION FUND, and WILLIAM K. DUFFY, JR. as President of LOCAL 138, 138A & 138B, INTERNATIONAL UNION OF OPERATING ENGINEERS,

Plaintiffs,

-against-

FERRAN DEVELOPMENT CORP. and JAMES FERRANTE,

Defendants.
-------------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   MAR 0 7 2011   ★

LONG ISLAND OFFICE

**COMPLAINT**

Civil Action No.: (ST)

CV-11  1060

SPATT, J.

TOMLINSON, M

Plaintiffs JOHN DUFFY, KENNETH HUBER, PHILLIP CAPOBIANCO, SCOTT ADRIAN, PAUL O'BRIEN, MARC HERBST, JAMES HANEY III, and JAMES PRATT, III, as Trustees of LOCAL 138, 138A & 138B, INTERNATIONAL UNION OF OPERATING ENGINEERS WELFARE FUND, LEGAL FUND, APPRENTICESHIP TRAINING FUND, and ANNUITY FUND, and MICHAEL FANNING as CEO of the CENTRAL PENSION FUND (hereinafter, collectively the "Funds"), and WILLIAM K. DUFFY, JR. as President of LOCAL 138, 138A & 138B, INTERNATIONAL UNION OF OPERATING ENGINEERS (hereinafter "Union"), by and through their attorneys, Archer, Byington, Glennon & Levine, LLP, as and for their complaint, allege as follows:

## NATURE OF ACTION

1. This action arises under Section 301 of the Labor Management Relations Act of 1947 (the "LMRA"), 29 U.S.C. §185, and Sections 502(a)(2) and 502(a)(3) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§1132(a)(2) and 1132(a)(3). Plaintiffs bring this action to recover unpaid fringe benefit contributions and for defendants' breach of fiduciary duty and violation of Sections 515, 406, and 404 of ERISA, 29 U.S.C. §§1145, 1106 and 1104, and for failing to comply with their statutory and contractual obligations arising by virtue of defendant FERRAN DEVELOPMENT CORP.'s collective bargaining agreement with the Union, and for declaratory and injunctive relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this Court by Sections 502(e)(1) and (f) of ERISA, 29 U.S.C. §§ 1132(e)(1) and (f), by Section 301(a) of the LMRA, 29 U.S.C. § 185(a), and under 28 U.S.C. §§ 1331 and 1367.

3. Venue properly lies in this district under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and under Section 301(c) of the LMRA, 29 U.S.C. § 185(c). Service may be made on defendants in any district in which defendants may be found pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## PARTIES AND BACKGROUND

4. Plaintiffs JOHN DUFFY, KENNETH HUBER, PHILLIP CAPOBIANCO, SCOTT ADRIAN, PAUL O'BRIEN, MARC HERBST, JAMES HANEY III, JAMES PRATT, III, and MICHAEL FANNING are fiduciaries of the Funds within the meaning of Sections 3(21) and 502 of ERISA, 29 U.S.C. §§ 1002(21) and 1132.

5. At all relevant times, plaintiff Funds are employee benefit welfare plans and/or employee benefit pension plans as defined in ERISA, 29 U.S.C. § 1002(1) and (2), and are multiemployer plans within the meaning of ERISA, 29 U.S.C. §§ 1145 and 1002(37)(A). These various Funds are at all relevant times "Taft Hartley" plans, meeting the requirements of 29 U.S.C. § 186(c)(5). The Funds are administered and have a principal place of business within the State of New York at 137 Gazza Boulevard, Farmingdale, New York 11735.

6. Plaintiff Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). The purpose of the Funds is to receive and collect required benefit contributions and to provide various fringe benefits to eligible employees on whose behalf employers contribute to the Funds pursuant to collective bargaining agreements. The Funds are operated pursuant to the terms of written Agreements and Declaration of Trust (hereinafter the "Trust Agreements").

7. Plaintiff William K. Duffy, Jr. is President of the Union, a labor organization within the meaning of Section 301(a) of LMRA, 29 U.S.C. § 185(a), which represents employees in an industry affecting commerce as defined in 29 U.S.C. § 142. The Union has its principal office and place of business within the State of New York at 137 Gazza Boulevard, Farmingdale, New York 11735.

8. Upon information and belief, at all relevant times, defendant FERRAN DEVELOPMENT CORP. ("Ferran Development") is a corporation and/or domestic business entity organized and existing under the laws of the State of New York, and/or conducting business within the State of New York, with a place of business and/or mailing address at 127 East Carmens Road, Farmingdale, New York 11735.

9. Upon information and belief, at all relevant times, defendant JAMES FERRANTE ("Ferrante") is an individual with a business and/or mailing address at 127 East Carmens Road, Farmingdale, New York 11735.

10. Upon information and belief, and as more fully set forth herein, defendants are each an "employer" within the meaning of the National Labor Relations Act, Section 2(2), 29 U.S.C. § 152(2), and Sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(5) and 1145.

11. To the extent that the defendants exercised any authority or control with respect to the management or disposition of assets of the Funds, they are fiduciaries within the meaning of ERISA, 29 U.S.C. § 1002(21)(A).

12. The defendants are parties in interest with respect to the Funds as defined in ERISA, 29 U.S.C. § 1002(14), and act directly as employers and/or indirectly in the interests of employers in relation to the Funds within the meaning of ERISA, 29 U.S.C. § 1002(5).

**AS AND FOR A FIRST CLAIM FOR RELIEF**

13. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 12 hereof, as if fully set forth herein and with the same force and effect.

14. At all relevant times, the Union, on behalf of its members, and defendant Ferran Development have been party to or otherwise bound by a collective bargaining agreement governing the rates of pay, wages, hours and other conditions of employment of Union members and others employed by Ferran Development within the jurisdiction of the Union (the "Agreement"). At all times mentioned herein, the Agreement has been in full force and effect.

15. Pursuant to the Agreement, Ferran Development has agreed and is obligated to pay employee benefit contributions, dues and wage deductions to the Funds in agreed amounts and specified percentages of the wages of employees covered by the Agreement.

16.     Pursuant to the Agreement, Ferran Development is subject to and bound by the Trust Agreements. The Agreement and the Trust Agreements provide, among other things, that outstanding and withheld contributions constitute assets of the Funds, and that an employer delinquent in the payment of fringe benefit contributions shall be liable for all contributions owed, together with liquidated damages, interest, attorneys' fees, court costs and audit fees, all in accordance with ERISA.

17.     Pursuant to § 209 of ERISA, 29 U.S.C. § 1059, Ferran Development has a duty to maintain adequate records regarding the hours worked by employees for whom fringe benefit contributions have and/or are required to be paid into the Funds.

18.     Pursuant to the Agreement and the Trust Agreement, Ferran Development is required, inter alia, to file certain employer contribution report with the Funds, and are further required to permit and cooperate in the conduct of audits of its books and payroll records, and to furnish to the Funds such information, books, records and reports as are required to ensure compliance with the terms of the Agreement, and to ascertain the amount of fringe benefit contributions, dues and wage deductions owed to the Funds.

19.     As determined by a payroll audit of Ferran Development's books and records performed on behalf of the Funds, there are delinquent fringe benefit contributions, dues and wage deductions, owed to the Funds from Ferran Development for the period January 1, 2008 through December 31, 2009, in the sum of at least $45,533.81.

20.     The failure, refusal or neglect of the Ferran Development to make the required contribution, dues and wage deduction payments to the Funds constitutes a violation of the Agreements and of the Trust Agreements, and has injured the Funds by delaying the investment of such payments and causing unnecessary administrative expense to the Funds.

21. Accordingly, Ferran Development is liable to the Funds in the sum of at least $45,533.81 for unpaid contributions, dues and wage deductions, plus additional sums for unpaid amounts as have and may hereinafter come due during the pendency of this action, together with liquidated damages, interest, audit fees, and the reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SECOND CLAIM FOR RELIEF

22. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 21 hereof, as if fully set forth herein and with the same force and effect

23. Section 515 of ERISA, 29 U.S.C. § 1145, requires every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement, to make such contributions in accordance with the terms and conditions of such plan or such agreement.

24. The Funds are multiemployer plans as defined in Section 3 (37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

25. By virtue of the foregoing, and by virtue of the Agreement and the Trust Agreements, Ferran Development is statutorily required to make contributions to the Funds pursuant to Section 515 of ERISA, 29 U.S.C. § 1145.

26. The failure, refusal or neglect of Ferran Development to make the required contribution payments to the Funds constitutes a violation of defendant's statutory duty, and has injured the Funds by delaying the investment of contributions and causing unnecessary administrative expense to the Funds.

27. Section 502 of ERISA, 29 U.S.C. § 1132, provides that upon a finding of an employer violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to a

plaintiff fund the unpaid fringe benefit contributions, plus interest on the unpaid principal computed at a rate set forth in the plan, or if none, as set forth in the United States Internal Revenue Code [26 U.S.C. § 6621], plus an additional amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the Agreement and the Trust Agreements up to the sum of twenty (20%) of the unpaid contributions, together with reasonable attorneys' fees, costs and disbursements incurred in the action.

28. Accordingly, pursuant to ERISA, 29 U.S.C. § 1132, the Agreement and the Trust Agreements, plaintiffs are entitled to an award of all unpaid and unreported fringe benefit contributions required to be paid to the Funds by virtue of work performed by employees of Ferran Development, and to an award as determined by the payroll audit in the amount of at least $45,533.81, together with interest on the unpaid contributions, plus an additional amount equal to the greater of (i) interest on the unpaid contributions or (ii) liquidated damages in the amount of twenty (20%) percent of the unpaid contributions, together with the audit fees, reasonable attorneys' fees, costs and disbursements incurred in the action.

## AS AND FOR A THIRD CLAIM FOR RELIEF

29. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 28 hereof, as if fully set forth herein and with the same force and effect.

30. Pursuant to ERISA, 29 U.S.C. § 1104(a)(1)(A), fiduciaries must discharge their duties with respect to an ERISA covered plan "solely in the interest of the participants and beneficiaries" and "for the exclusive purpose of providing benefits" and "defraying reasonable administrative expenses."

31. Upon information and belief, as a result of work performed by or on behalf Ferran Development under the Agreement, Ferran Development received sums of money for

construction projects intended to pay the wages and benefits of employees furnishing labor on the said construction projects, and, upon information and belief, fringe benefit contributions and dues and wage deductions remain unpaid for such work.

32.     The defendants are fiduciaries within the meaning of ERISA, under the common law, and Article 3A of the New York Lien Law, with respect to these construction project proceeds, and/or the plan assets and/or dues and fringe benefits deducted from employees' wages that defendants failed to pay over to plaintiffs.

33.     Upon information and belief, the Agreement was entered into on behalf of Ferran Development by defendant Ferrante as President of Ferran Development.

34.     Upon information and belief, Ferrante is now, and was at all relevant times, the controlling shareholder and/or the controlling corporate officer and/or management employee of Ferran Development.

35.     Upon information and belief, as controlling shareholder and/or corporate officer and/or management employee of Ferran Development, Ferrante exercised complete control over the labor relations and finances of Ferran Development, and was at all relevant times directly responsible for payment to the Funds of the fringe benefit contributions, dues and wage deductions, required to be paid to the Funds under the Agreement and the Trust Agreements. As such, Ferrante is possessed of the power, authority, means and responsibility to cause Ferran Development to meet its obligations to the Funds.

36.     Upon information and belief, Ferrante, among other acts and omissions, exercised this control to determine which employees were to have fringe benefit contributions, dues and wage deductions paid into the Funds and which were not, and which employees were to have work recorded on the books and records of Ferran Development.

8

37. Upon information and belief, at all relevant times defendant Ferrante completely owned and/or controlled and dominated the affairs of Ferran Development, and carried on the business of Ferran Development for his own personal ends.

38. Upon information and belief, at all relevant times defendant Ferrante had managerial discretion and control over Ferran Development, and made all decisions concerning payments by Ferran Development.

39. Upon information and belief, at all relevant times defendant Ferrante determined which creditors the defendants would pay, determined when the plaintiffs would be paid, determined how much money would be paid to the plaintiffs, and exercised discretionary control over money due and owing and belonging to the plaintiffs.

40. Upon information and belief, defendant Ferrante has commingled construction project proceeds and/or plan assets and/or dues and fringe benefits deducted from employees' wages, with Ferran Development's general assets, and used such proceeds and/or plan assets and/or dues and fringe benefit deductions to pay other creditors of the defendants, rather than forwarding those monies to the plaintiffs.

41. Upon information and belief, while causing Ferran Development to retain construction project proceeds and/or plan assets and/or dues and fringe benefits deducted from employees' wages, defendant Ferrante diverted those monies to his own personal use and benefit.

42. By withholding plan assets and/or dues and fringe benefits deducted from employees' wages, and/or by diverting construction project proceeds, the defendants received and retained for their own personal use and benefit monies which are rightfully assets of the

plaintiffs, in violation of ERISA, 29 U.S.C. § 1104(a)(1)(A), and their fiduciary obligations owed to plaintiffs and the Funds' participants and beneficiaries.

43. By withholding plan assets and/or dues and fringe benefits deducted from employees' wages, and/or by diverting construction project proceeds, the defendants failed to abide by the documents and instruments governing the Funds in violation of ERISA, 29 U.S.C. § 1104(a)(1)(D), and their fiduciary obligations owed to plaintiffs and the Funds' participants and beneficiaries.

44. By withholding plan assets and/or dues and fringe benefits deducted from employees' wages, and/or by diverting construction project proceeds, defendant Ferrante is individually and personally liable for the violations of ERISA described above, and for violation of his fiduciary obligations owed to plaintiffs and the Funds' participants and beneficiaries.

45. By reason of the foregoing, the defendants are liable, jointly and severally, to plaintiffs for all diverted construction project proceeds and/or plan assets and/or dues and fringe benefits deducted from employees' wages which remain unpaid, as well as interest, liquidated damages, and the costs and fees of collection, and to restore to the plaintiffs any profits that defendants made through use and retention of diverted construction project proceeds, plan assets and/or dues and fringe benefits deducted from employees' wages, pursuant to Section 409 of ERISA, 29 U.S.C. § 1109, and their fiduciary obligations owed to plaintiffs and the Funds' participants and beneficiaries.

## AS AND FOR A FOURTH CLAIM FOR RELIEF

46. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 45 hereof, as if same were fully set forth herein and with the same force and effect.

47. Pursuant to ERISA, 29 U.S.C. § 1106(a)(1)(A) and (B), it is unlawful for fiduciaries to permit ERISA covered plans to engage in certain transactions with parties in interest, including transactions that exchange property or extend credit. Absent an exemption, ERISA makes it unlawful for fiduciaries to deal with plan assets for their personal account, 29 U.S.C. § 1006(b)(1)-(3).

48. At all relevant times herein, the defendants were parties in interest with respect to the plaintiff Funds within the meaning of ERISA, 29 U.S.C. § 1002(14).

49. By diverting construction project proceeds and/or withholding plan assets and/or dues and fringe benefits deducted from employees' wages from the plaintiff Funds, defendants dealt with plan assets in their own interest and/or exchanged property or extended credit from plan assets for their own use and benefit in violation of ERISA, 29 U.S.C. § 1106(a) and (b).

50. As a result of the breaches of fiduciary duty described above, the defendants are liable to plaintiffs, jointly and severally, for all diverted construction project proceeds and/or plan assets and/or dues and fringe benefits deducted from employees' wages which remain unpaid, as well as interest, liquidated damages, and the costs and fees of collection, and to restore to the plaintiffs any profits that defendants made through use and retention of diverted construction project proceeds, plan assets and/or dues and fringe benefits deducted from employees' wages, pursuant to Section 409 of ERISA, 29 U.S.C. § 1109, and their fiduciary obligations owed to plaintiffs and the Funds' participants and beneficiaries.

## AS AND FOR A FIFTH CLAIM FOR RELIEF

51. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 50 hereof, as if fully set forth herein and with the same force and effect.

52. Pursuant to the Agreement, Ferran Development is obligated to post and maintain a bond in the sum of at least $100,000.00 sufficient to guarantee all fringe benefits required under the Agreement, or alternatively, to deposit with the Funds that amount.

53. Specifically, the Agreement provides that "where the Trustees, in their discretion, have determined, either by an audit conducted by the fringe benefit Funds' auditors or otherwise, that an Employer has underpaid fringe benefits or where the Employer has not been previously signatory to a collective bargaining agreement, the Employer shall be bonded in sufficient amounts that guarantee all fringe benefits and shall post a bond in the sum of $100,000.00 . . . Employers shall be bonded in sufficient amounts to guarantee all fringe benefits, if found to be delinquent . . . If an Employer is unable to secure bonding, monies equivalent to the amount of the bonding originally required shall be deposited with the Funds."

54. Ferran Development has failed, refused or neglected to post a bond in the amount of $100,000.00 to guarantee all fringe benefits required under the Agreement, or to deposit with the Funds that amount, as required.

55. Accordingly, plaintiffs are entitled to judgment declaring and directing that the defendants must post and maintain a bond in the amount of $100,000.00 to guarantee all fringe benefits required under the Agreement, or to deposit with the Funds that amount.

## AS AND FOR AN SIXTH CLAIM FOR RELIEF

56. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 55 hereof, as if fully set forth herein and with the same force and effect.

57. If this Court does not enjoin Ferran Development and Ferrante from further violations of ERISA, the LMRA, the Agreements and Trusts Agreements, plaintiffs and the

Funds' participants and beneficiaries will be further damaged as a result, in ways and amounts which cannot be accurately measured in terms of money, either as to extent or amount.

58. Ferran Development and Ferrante, have failed to comply with their obligations to the plaintiffs and the Funds' participants and beneficiaries, despite demand for compliance, and thus, upon information and belief, unless this Court enjoins defendants from violating ERISA, the LMRA, the Agreements and Trust Agreements, these defendants will continue to fail to timely remit required contributions, deductions, and monthly remittance reports, causing additional serious and irreparable harm by further burdening and obstructing the administration and operation of the Funds, and endangering the payment of promised benefits from the Funds to qualified beneficiaries.

59. The defendants' continuing failure to comply with their obligations to plaintiffs and the Funds' participants has reduced the corpus and income of the Funds thereby jeopardizing the stability and soundness of the Funds as well as the ability to pay benefits.

60. Based on the foregoing instances of serious, substantial, and irreparable injury and damage, a mere money judgment is an inadequate remedy at law.

61. Unless this Court enjoins the defendants from breaching ERISA, the LMRA, the Agreements and Trust Agreements, and unless defendants are compelled to remit all monies and reports that become due or are determined to be due to plaintiffs whether arising before or after commencement of the action, greater injury will be inflicted upon the plaintiffs and the Funds' participants and beneficiaries, by denial of relief, than could possibly be inflicted upon these defendants by granting such relief.

**WHEREFORE**, plaintiffs demand judgment against defendants, as follows:

(a) On the First Claim for Relief, entry of judgment awarding damages in the sum of at least $45,533.81 for unpaid benefit contributions, dues and wage deductions, plus liquidated damages and interest thereon from the time each payment was due, and that Ferran Development is liable to the plaintiffs therefor;

(b) On the First Claim for Relief, entry of judgment awarding damages for unpaid contributions, dues and wage deductions, as have and may have hereafter come due during the pendency of this action, together with liquidated damages and interest thereon from the date due, and that the Ferran Development is liable to the plaintiffs therefor;

(c) On the First Claim for Relief, entry of judgment awarding all audit fees, costs, disbursements and reasonable attorneys' fees incurred by plaintiffs in this action, and that Ferran Development is liable to the plaintiffs therefor;

(d) On the Second Claim for Relief, entry of judgment awarding damages for all unpaid contributions, dues and wage deductions, as required under the Agreement, plus interest thereon from the time each such amount was due pursuant to the Agreement and ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), and that Ferran Development is liable to the plaintiffs therefor;

(e) On the Second Claim for Relief, entry of judgment awarding an additional amount equal to the greater of (i) the amount of interest awarded pursuant to paragraph (f) above, or (ii) liquidated damages provided for under the Agreement and/or Trust Agreements in the sum of twenty percent (20%) of the unpaid contributions, as provided in the Agreement and mandated by ERISA § 502(g)(2)(C), 29 U.S.C. § 1132(g)(2)(C), and that Ferran Development is liable to the plaintiffs therefor;

(f)     On the Second Claim for Relief, entry of judgment awarding damages for unpaid contributions, dues and wage deductions, as have and may hereafter come due during the pendency of this action, together with interest and liquidated damages thereon pursuant to the Agreement and § 502(g)(2) of ERISA 29 U.S.C. § 1132(g)(2), and that Ferran Development is liable to the plaintiffs therefor;

(g)     On the Second Claim for Relief, entry of judgment awarding all costs, disbursements and reasonable attorneys' fees incurred, as provided in the Agreement and mandated by ERISA § 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D), and that Ferran Development is liable to the plaintiffs therefor;

(h)     On the Third and Fourth Claims for Relief, awarding judgment in plaintiffs' favor against all defendants, jointly and severally, for recovery of all diverted construction project proceeds and/or plan assets and/or dues and fringe benefits deducted from employees' wages which remain unpaid, as well as interest, liquidated damages, and the costs and fees of collection;

(i)     On the Third and Fourth Claims for Relief, entry of judgment against all defendants, jointly and severally, to restore to the plaintiffs any profits that the defendants made through use and retention of diverted construction project proceeds and/or plan assets and/or dues and fringe benefits deducted from employees' wages;

(j)     On the Fifth Claim for Relief, entry of judgment declaring and directing that the defendants must post and maintain a bond in the amount of $100,000.00 to guarantee all fringe benefits required under the Agreement, or to deposit with the Funds that amount;

(k)     On the Sixth Claim for Relief, entry of judgment enjoining and directing the defendants to comply in all respects with the terms and conditions of the Agreement and the

Trust Agreements, to pay the agreed upon fringe benefit contributions and dues and wage deductions, and to supply all required information, bonds or deposits, in accordance with defendants' obligations under the Agreement and the Trust Agreements; and

   (l)  Directing such other and further relief as to this Court seems just and proper.

Dated: Melville, New York
   March 3, 2011

          ARCHER, BYINGTON, GLENNON & LEVINE, LLP

          By: _____
            John H. Byington III
          Attorneys for Plaintiffs
          425 Broadhollow Road, Suite 405
          P.O. Box 9064
          Melville, New York  11747-9064
          631-249-6565

722182

Civil Action No.:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOHN DUFFY, KENNETH HUBER, PHILLIP CAPOBIANCO, SCOTT ADRIAN, PAUL O'BRIEN, MARC HERBST, JAMES HANEY III, and JAMES PRATT, III, as Trustees of Local 138, 138A & 138B, INTERNATIONAL UNION OF OPERATING ENGINEERS WELFARE FUND, LEGAL FUND, APPRENTICESHIP TRAINING FUND, and ANNUITY FUND, and MICHAEL FANNING as CEO of the CENTRAL PENSION FUND, and WILLIAM K. DUFFY, JR. as President of LOCAL 138, 138A & 138B, INTERNATIONAL UNION OF OPERATING ENGINEERS,

Plaintiffs,

-against-

FERRAN DEVELOPMENT CORP. and JAMES FERRANTE,

Defendants.

# COMPLAINT

### ARCHER, BYINGTON, GLENNON & LEVINE, LLP

*Attorneys for* Plaintiffs

Office and Post Office Address
425 Broadhollow Road, Suite 405
P.O. Box 9064
Melville, New York 11747-9064
631-249-6565

This paper is signed pursuant to 22 NYCRR 130-1.1-a.

Dated:                                               Signature: _____

                                                    Print Signer's Name: _____

To:

Attorney(s) for

Service of a copy of the within
is hereby admitted.
Dated:                         20

*Attorney(s) for*